UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALI H. ADDO,                        )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 08-0097 (EGS)
                                    )   Document No. 16
CITIZENSHIP AND IMMIGRATION         )
SERVICES,                           )
                                    )
       Defendant.                   )
_____ )

MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff seeks to compel the Department of Homeland Security's Citizenship and Immigration Services to "correct [his] status from permanent resident to United States citizen." Complaint at 1. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Upon consideration of the parties' submissions, the Court finds that plaintiff is collaterally estopped from relitigating his U.S. citizenship status and therefore grants defendant's Rule 12(b)(6) motion to dismiss.[1]

As an initial matter, defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is premised on its position that plaintiff is challenging an order of removal under 8 U.S.C. §1252, which authorizes judicial review exclusively in the appropriate court of appeals. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to

---

[1] *See Smalls v. U.S.*, 471 F.3d 186, 189 (D.C. Cir. 2006) ("[T]he defense of *res judicata*, or claim preclusion, while having a 'somewhat jurisdictional character,' . . .does not affect the subject matter jurisdiction of the district court.") (quoting *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005)).

2

Dismiss ("Def.'s Mem. of P. & A.") at 5-6.  Plaintiff counters that he is not challenging a removal order but rather is asking this Court to "rule on the issue of Citizenship."  Pl.'s Response to the Respondent Reply [Dkt. No. 19] at 1.  "A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5."  8 U.S.C. § 1421(c).  The Court therefore is satisfied that it has subject matter jurisdiction and therefore denies defendant's Rule 12(b)(1) motion to dismiss.

Defendant argues that plaintiff is procedurally barred because he "has litigated the issue of his citizenship status before an Immigration Judge, the Board, and the Third Circuit, and has now sought judicial review of the issue with the Supreme Court."  Def.'s Mem. of P. & A. at 8. Indeed, in *Addo v. Attorney General of U.S.,* the United States Court of Appeals for the Third Circuit found on the evidence before it that plaintiff "had not met his burden of showing that he is a U.S. citizen."  2007 WL 1852264 *3 (3rd Cir., June 28, 2007), *petition for cert. filed* (U.S. Dec. 7, 2007) (No. 07-8429).  Collateral estoppel precludes litigants "from contesting matters that they have had a full and fair opportunity to litigate." *Navajo Nation v. Peabody Holding Co., Inc.*, 314 F. Supp.2d 23, 25 (D.D.C. 2004) (quoting *Montana v. U.S.*, 440 U.S. 147, 153 (1979)). It "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties [or their privies] in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443-444 (1970); accord *Yamaha Corporation of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992).  The Third Circuit's merits

3

determination forecloses this Court from relitigating plaintiff's claim of U.S. citizenship.[2]

Accordingly, defendant's Rule 12(b)(6) motion to dismiss is granted.  A separate Order accompanies this Memorandum Opinion.

DATE: December 3, 2008                              SIGNED:     EMMET G. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Although plaintiff has applied for a writ of certiorari, "the vitality of [the] judgment is undiminished by pendancy of the appeal" absent the granting of a stay by the Third Circuit or the Supreme Court.  *Deering Milliken, Inc. v. FTC*, 6476 F.2d 1124, 1129 (D.C. Cir. 1978).